827 So.2d 1255 (2002)
James E. DAVISON, et al.
v.
WINFORD CO., INC., et al.
No. 02-0342.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*1256 Donald L. Kneipp, Law Office of Donald L. Kneipp, Monroe, LA, for Plaintiff/Appellant James E. Davison, Paul M. Davison Petroleum Products, Davison Transport, Inc.
Stephen D. Wheelis, Richard A. Rozanski, Chad S. Berry, Wheelis & Rozanski, Alexandria, LA, for Defendant/Appellee City of Alexandria.
Robert C. Evans, John A. Kopfinger, Jr., Evans & Co., New Orleans, LA, for Defendant/Appellee Hon. Carolyn J. Ryland.
Dee D. Drell, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, for Defendant/Appellee Hon. Carolyn J. Ryland.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
PETERS, J.
The plaintiffs, James E. Davison, d/b/a Paul M. Davison Petroleum Products, and Davison Transport, Inc., appeal a summary judgment granted by the trial court, dismissing the City of Alexandria (City), Louisiana, as a party defendant in their suit to recover money that they claim is owed them for materials and services supplied to a contractor performing street overlay projects for the City. For the following reasons, we affirm the trial court's grant of the summary judgment in all respects.

DISCUSSION OF THE RECORD
The City entered into two separate contracts with Winford Company, Inc. (Winford) wherein Winford agreed to overlay certain streets in the City as described in the contracts. The two contracts were identified as the "Alexandria Inner Loop Street Asphalt Overlay" (Inner Loop) contract and the "City of Alexandria Residential Street Overlay Program" (Residential Street) contract. The former was executed on June 28, 1994, and recorded in the mortgage records of the office of the Rapides Parish Clerk of Court (Clerk of Court) on July 5, 1994. The latter was executed on July 25, 1994, and recorded in the mortgage records of the Clerk of Court's office on August 22, 1994. American Bonding Company served as the surety on both contracts. This litigation arises because Winford defaulted on both contracts and American Bonding Company was placed in receivership at approximately the same time.
On July 7, 1995, Winford sought protection in the United States Bankruptcy Court for the Western District of Louisiana. After Winford defaulted, the City began receiving notices of subcontractor and materialman liens being asserted against the remaining funds in the contracts. Before attempting to settle with those asserting liens against the contracts, the City requested that the Clerk of Court issue lien certificates reflecting all the liens or encumbrances filed against each contract. On August 30, 1995, the Clerk of Court issued two separate lien certificates in the names of Winford, American Bonding Company, and the City. The lien certificate referencing the Inner Loop contract listed four liens as appearing in the mortgage records, and the lien certificate referencing the Residential Street contract listed two. The City then disbursed the funds remaining under the contracts to satisfy the subcontractor and materialman liens listed on the lien certificates.
What did not appear on the lien certificates were four separate instruments which the plaintiffs had caused to be filed in the mortgage records of the Clerk of Court's office on July 14, 1995. All four were in affidavit form and signed by James E. Davison. Mr. Davison signed two as representative of his personal unincorporated business, Paul M. Davison Petroleum Products, and two as representative *1257 of Davison Transport, Inc. One affidavit addressed Mr. Davison's personal claim arising under the Residential Street contract ($151,045.99); one addressed his personal claim arising under the Inner Loop contract ($39,223.31); one addressed the corporation's claim arising under the Residential Street contract ($23,324.94); and one addressed the corporation's claim arising under the Inner Loop contract ($1,657.66). Each affidavit read in part as follows:
That appearer has performed services for and/or supplied materials to Winford Company, Inc. in connection with Winford Company, Inc.'s performance of that job identified as the [appropriate contract at issue] in Rapides Parish, LA, job. Winford Company, Inc. has failed to make the payments due and owing to appearer in connection with the performance of the contract and job identified hereinabove. As a result, Winford Company, Inc. is indebted unto appealer in the amount of [the sum at issue], as is evidenced by those invoices and the attachments thereto which are attached hereto and made a part hereof. Notice is hereby given to Winford Company, Inc., P.O. Box 72250, Bossier City, LA XXXXX-XXXX; Louisiana Department of Transportation & Development, P.O. Box 94245, Section 47, Baton Rouge, LA XXXXX-XXXX; Alexandria City Court, P.O. Box 30, Alexandria, LA 71309; and Michael J. Fitzgibbons, Special Dept. Receiver, American Bonding Company, 6245 East Broad Blvd., Tucson, Arizona 85711, of appearer's claims under the Louisiana Public Works Act, La. R.S. 38:2241, et seq.
(Emphasis added.)
Despite the clear reference to both Winford and American Bonding Company, the Clerk of Court's office failed to list them on the lien certificates provided to the City. Thus, their claims were not considered by the City in the final disbursement under the contracts.
The plaintiffs initially filed for relief in the Bankruptcy Court Chapter 11 proceeding initiated by Winford. In doing so, they joined as defendants both the City and Carolyn Ryland, in her capacity as Clerk of Court for Rapides Parish. Basically, the plaintiffs asserted that the City had given them incorrect information concerning notification of their claims, had ignored the liens filed by them, and had failed to pay the amounts due as represented in the liens. They further asserted that the Clerk of Court was negligent in recording and indexing their liens. After significant proceedings in both the Bankruptcy Court and the United States District Court for the Western District of Louisiana, the plaintiffs' dispute with the City and the Clerk of Court was transferred to the Ninth Judicial District Court in Rapides Parish.
On September 13, 2001, the City filed a motion for summary judgment asserting that, because the plaintiffs failed to comply with the notice requirements of La.R.S. 38:2242(B), they had no liens and the City was entitled to dismissal from the suit. When the City filed its motion for summary judgment, the Clerk of Court had pending a motion for summary judgment as well. The trial court granted both motions after a hearing on November 5, 2001. Although both motions were heard and granted on the same day, the trial court signed separate judgments. It signed a judgment granting the City's motion on November 20, 2001, and signed a judgment granting the Clerk of Court's motion on December 17, 2001. On December 20, 2001, the plaintiffs sought and obtained an order granting them a devolutive appeal from the November 20, 2001 judgment only.
*1258 In their appeal, the plaintiffs assert three assignments of error addressing the trial court's ruling in favor of the City and one assignment of error addressing the trial court's ruling in favor of the Clerk of Court. The assignments of error are as follows:
1. The trial court erred in finding that notice to the City of Alexandria was necessary given Alexandria's breach of its obligation to provide a good and solvent surety for the street overlay projects.
2. The trial court erred in finding that Alexandria was not estopped from denying notice since the City's employee instructed Davison to sent the notices to Alexandria City Court.
3. The trial court erred in finding that Davison was required to deliver materials "to the job site" or that Davison failed to do so within the meaning of the Public Works Act.
4. The trial court erred in finding that the Clerk of Court was not responsible for her failure to list Davison's liens because the certificates, which identified the contractor, the project and specifically asserted a claim under the Public Works Act, did not contain the word "lien" in the caption.

OPINION
"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." La. Code Civ.P. art. 966(A)(2).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.Code Civ.P. art. 966(C)(2).
We review a trial court's grant of a motion for summary judgment using the de novo standard of review. Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
At the time the public works contracts at issue were entered into, La.R.S. 38:2241(A) provided:
Whenever a public entity enters into a contract in excess of five thousand dollars for the construction, alteration, or repair of any public works, the official representative of the public entity shall reduce the contract to writing and have it signed by the parties. The public entity shall require of the contractor a bond with good, solvent, and sufficient surety in a sum not less than fifty percent of the contract price for the payment by the contractor or subcontractor to claimants as defined in R.S. 38:2242. The bond furnished shall be a statutory bond and no modification, omissions, additions in or to the terms of the contract, in the plans or specifications or in the manner and mode of payment shall in any manner diminish, enlarge, or otherwise modify the obligations of the bond. The bond shall be executed by the contractor with surety or sureties approved by the public entity and shall be recorded with the contract in the office of the recorder of mortgages in the parish *1259 where the work is to be done not later than thirty days after the work has begun.
In the matter before us, the City entered into a written contract with Winford, required that Winford provide a surety bond, and recorded the contract in the mortgage records of the Clerk of Court's office. Winford provided a surety bond with American Bonding Company. There is nothing in the record to suggest that the City had any reason to believe American Bonding Company was anything other than solvent.
To have their claims considered, the plaintiffs were required to comply with the notice requirements:
Any claimant may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done.

La.R.S. 38:2242(B)(emphasis added).
The plaintiffs recorded sworn statements of the amounts due them under the contracts in the mortgage records of the Clerk of Court, but did not file the sworn statements with the City of Alexandria. Instead, they filed them with the Alexandria City Court. The City is a home rule charter municipal political subdivision authorized under La. Const. art. VI, § 5. Service on such a political subdivision is to be made upon the chief executive officer, in this case the City's mayor. La.Code Civ.P. art. 1265. The Alexandria City Court is a part of the judicial branch of government organized under the authority of La.R.S. 13:1878 et seq. The City exercises no authority over the Alexandria City Court.
This failure on the part of the plaintiffs, together with the failure of the Clerk of Court to list these sworn recorded statements on the lien certificates issued to the City, precluded the City from having any notice of the plaintiffs' claims. The first notice that the City had of the plaintiffs' claims under the defaulted contracts was when it was joined as a defendant in the bankruptcy proceedings.
It is well-settled that the general rule regarding lien statutes is that they are stricti juris and should be strictly construed. State through Div. of Admin, v. McInnis Bros. Constr., 97-0742 (La.10/21/97), 701 So.2d 937. Moreover, the Public Works Act is sui generis, providing the exclusive remedies for claimants for public projects. U.S. Pollution Control, Inc. v. Nat'l Am. Ins. Co., 95-153 (La.App. 3 Cir. 8/30/95), 663 So.2d 119. "[P]ublic contract laws are to be strictly construed such that the privileges granted are not extended beyond the statutes." Wilkin v. Dev Con Builders, Inc., 561 So.2d 66, 71 (La.1990).
In their first assignment of error, the plaintiffs argue that notice was not necessary given the City's failure to provide a good and solvent surety for the contracts. However, this argument ignores La.R.S. 38:2216(A)(1) which requires the "successful bidder" in a public works contract to "furnish good and solvent bond in an amount not less than one-half of the amount of the contract, for the faithful performance of his duties." Additionally, the surety company writing the bond required by La.R.S. 38:2216(A)(1) must be qualified under the provisions of La.R.S. 38:2219. The plaintiffs have presented no evidence to suggest that, at the time the contracts were entered into, American Bonding Company was not qualified under that statute. The City cannot be held responsible for the subsequent insolvency *1260 of American Bonding Company, and that insolvency did not relieve the plaintiffs of the notice requirements of La.R.S. 38:2242(B). Therefore, we find no merit in this assignment of error.
In their second assignment of error, the plaintiffs argue that the City is estopped from claiming lack of notice because an employee of the City instructed Paul Frazier, an employee of James Davison's personal business, to file the liens with the Alexandria City Court. According to his affidavit, Mr. Frazier telephoned Alexandria City Hall and asked to speak to someone concerning the two contracts. Mr. Frazier stated in his affidavit that he "was transferred to a female who was identified as a city employee who instructed [him] to file notice of Davison's lien claim with the Alexandria City Court, P.O. Box 30, Alexandria, La. 71309." He further stated that he "asked the city employee to verify this information and was told in no uncertain terms that the city employee was not mistaken and that the notice should be sent where she told him."
As previously stated, lien statutes must be strictly construed. One of the reasons for requiring the public works contracts to be recorded in the mortgage records of the parish where the contract is to be performed is to give notice to the public of the parties involved in the contracts. This information was easily accessible to the plaintiffs, and strict construction principles do not permit them to rely on a telephone conversation with an unknown employee of the City. Therefore, we find no merit in this assignment of error.
Because we find that the failure of the plaintiffs to file sworn statements of the amounts due them on the City as required by La.R.S. 38:2242(B) is fatal to the enforcement of their liens against the City, we need not consider the third assignment of error. The plaintiffs' final assignment of error attempts to question the grant of summary judgment in favor of the Clerk of Court. We cannot consider this assignment of error because the plaintiffs have not appealed this judgment.

DISPOSITION
For the foregoing reasons, we affirm the trial court's grant of the City of Alexandria's motion for summary judgment, dismissing it from the litigation. We assess all costs of this appeal to James E. Davison, d/b/a Paul M. Davison Petroleum Products, and Davison Transport, Inc.
AFFIRMED.