2CANNELLA, Judge.
Plaintiffs, George Caldwell (Caldwell), NRC Contractors, Inc. (NRC), and their insurer, Scottsdale Insurance Co., appeal from the summary judgment granted in favor of Defendant, General Agents Insurance Company of America, Inc. (GAIN-SCO). For the reasons that follow, we affirm.
Defendant, Farwell Contracting, Inc. (Farwell), contracted with Caldwell and NRC for painting services on property at Stonebridge Manor Apartments in Gretna, Louisiana. Farwell had a general liability policy with GAINSCO covering their liability for “janitorial services.” Plaintiffs filed suit against Farwell and GAINSCO for damages sustained as a result of Farwell’s negligent spraying of paint onto surrounding cars, shrubs, apartment buildings and roofing.
GAINSCO filed a Motion for Summary Judgment, contending that they did not provide coverage for the alleged damage which occurred as a result of painting because they only provided coverage for liability resulting from “janitorial services.” GAINSCO argued that painting did not come within the coverage for “janitorial services”.
| aFollowing a hearing, the trial court ruled in favor of GAINSCO, granting the summary judgment and dismissing them from the case because the exterior painting of the apartment complex building was beyond the scope of “janitorial services” for which the policy provided coverage. It is from this judgment that Plaintiffs appeal.
On appeal, Plaintiffs contend that the trial court erred in granting the summary judgment because there is nothing in the insurance policy that precludes coverage for painting. “Janitorial service” is not defined in the policy. Thus, Plaintiffs argue that any ambiguity is to be construed against GAINSCO.
GAINSCO argues that there is no ambiguity here. The intent of the parties is clear. Looking at the application for insurance and the policy, it is clear that the parties only intended that the insurance coverage apply to janitorial duties that would not have included painting the outside of the building.
An insurance policy is a contract between the parties. It should be construed by using the general rules for the interpretation of contracts as set out in the Civil Code. The role of the judiciary in interpreting insurance contracts is to as *334 certain the common intent of the parties to the contract. A court is to determine the common intent of the parties in accord with the general, ordinary, plain and popular meaning of the words used in the policy. Louisiana Insurance Guaranty Association. v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759.
In this case, GAINSCO issued an insurance policy to Farwell granting coverage for “those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies.” The policy only covers the business operations of Farwell and the business operations are referenced as “janitorial service.” Thus, the question is whether painting the outside of an apartment complex comes within the generally accepted meaning of “janitorial service” as intended by these parties. While the |4policy itself does not expressly define “janitorial service” the insurance application specified the nature of Farwell’s work as follows:
NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS BY ' PREMISE®
Make Ready for apartment complexes. [Cjleans apartments after renovation. No contractors’ debris cleaning, only sweeping, mopping, cleaning windows, etc.
We find that the description of “janitorial service” in the application, “sweeping, mopping, cleaning windows” comports with the generally understood meaning of janitorial work, that is, to clean. Further, it was specified that the janitorial services were only something that took place “after renovation.” The trial court found that painting of the outside of an apartment complex did not fall within the commonly understood meaning of “janitorial service.” We find no error in the trial court ruling. As did the trial court, we find it clear that the intent of the parties in securing the insurance was to cover only the business of “janitorial service,” which encompassed only basic cleaning type work “after renovation” was completed, and not painting the outside of the building.
Based on the foregoing, we find no error in the trial court judgment granting the summary judgment in favor of GAINSCO and dismissing them from the case and, accordingly, affirm that judgment. Costs of appeal are assessed against Caldwell and NRC.
AFFIRMED.