hDOUCET, Chief Judge.
The Plaintiff, Ponehella Dauphiney, individually and as tutrix of her minor children, Kellie Dauphiney and Kayla Dauphi-ney, appeals the dismissal of her action against Farm Bureau Insurance Co. (Farm Bureau), pursuant to the Defendant’s Motion for Summary Judgment.
On October 1, 1997, Harold J. Bou-dreaux was hauling sugar cane owned by Donald Guillotte Farms, Inc. (Guillotte Farms) in a 1984 Freightliner truck and trailer owned by Tessie Duhon. The Guil-lottes and Duhons shared farming equipment. Each paid the labor for the hauling of their own crops. Boudreaux was hauling a load of cane to the mill. He turned east onto U.S. Hwy. 90. Dauphiney was traveling east on U.S. Hwy. 90. She alleges that Boudreaux turned into her path of travel and that she was unable to stop in time to avoid hitting him.
Dauphiney filed suit against Boudreaux, Donald Guillotte Farms, Lynne Guillotte Farms and Donald Guillotte, individually, Tessie Duhon and her husband, Dean Du-hon, and their insurers, including Farm Bureau. Dauphiney settled her claims against the Duhons and their insurer, MGA Insurance Company, releasing from liability MGA, the Duhon interests, Bou-dreaux and the Guillotte interests, but reserving her rights against Guillotte’s insurer, Farm Bureau.
In March 2001, Farm Bureau filed a motion for summary judgment asking that the claims against it be dismissed because no material question of fact remained but that its policies did not provide coverage for the accident between Dauphiney and Boudreaux. The trial court granted the motion and dismissed Dauphiney’s action against Farm Bureau. Dauphiney appeals.
I ¡.SUMMARY JUDGMENT
“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.” La.Code Civ.P. art. 966(A)(2).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.Code Civ.P. art. 966(C)(2).
We review a trial court’s grant of a motion for summary judgment using the de novo standard of review. Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
Davison v. Winford Co., Inc., 02-0342, pp. 4-5 (La.App. 3 Cir. 10/2/02); 827 So.2d 1255,1258.
INSURANCE COVERAGE
Originally, Dauphiney asserted that coverage existed under three separate Farm Bureau policies issued to Donald Guillotte: an automobile liability policy describing a 1981 Freightliner truck, another automobile liability policy describing a 1979 International truck, and a comprehensive personal liability policy. On appeal Dau- *893 phiney asserts that the trial court erred in granting the summary judgment, arguing that the trial court overlooked coverage available under the Farm Bureau personal liability and automobile policies.
| .PERSONAL LIABILITY POLICY
The Plaintiff asserts a material question of fact remains as to whether the Farm Bureau personal liability policy issued to Guillotte provides coverage for this accident. She first cites the medical payments coverage of the policy which provides:
Coverage C — Medical Payments. To pay all reasonable expenses incurred within one year from date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral service, to or for each person who sustains bodily injury, sickness or disease, cased by accident:
(1) while on the premises with the permission of an insured, or,
(2) while elsewhere if such injury, sickness or disease (a) arises out of the premises, (b) is caused by the activities of and insured, (c) is caused by the activities of a farm employee while in the employment of an insured, or (d) is caused by an animal owned by or in the care of an insured.
As a condition precedent to payment under coverage C, the individual to or for whom payment is made shall agree in writing to reimburse the company if payment is received for such medical expenses from another who is legally liable for the injury.
She further contends that the policy provides comprehensive general liability coverage in that it provides under insuring agreements:
1. COVERAGES
Coverage A — Public Bodily Injury Liability. To pay on behalf of the insured all sums except punitive damages, unless required to be included by law, which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person.
However, the Defendant points out that the policy also provides as follows:
EXCLUSIONS
The policy does not apply:
L(b) under coverages A, B and C, to the ownership, maintenance, or use, including the loading or unloading of (1) automobiles while away from the premises or the ways immediately adjoining, or while on the premises if there is other valid or collectible insurance; ....
However, the Plaintiff asserts that this exclusion does not apply, because some of the complained of acts of negligence, including the failure to correct the poor lighting and reflectivity of the trailer, occurred on the Guillotte premises. However, after examining the evidence in this regard, we find that the accident would not have occurred but for the operation of the vehicle away from the premises. Therefore, the trial court correctly found that the Farm Bureau personal liability policy excluded coverage of this accident.
AUTOMOBILE LIABILITY POLICY
The Plaintiff further asserts that because Guillotte was using a tractor belonging to Duhon to haul his cane, rather than his own tractor, the provisions of the policy providing for coverage of a temporary substitute vehicle are applicable here. The policy provides that:
*894 While the described automobile is withdrawn from use, such insurance as is afforded by this policy applies to another automobile not owned by or furnished for regular use of the named insured or spouse, or member of same household, while temporarily used as the substitute for such automobile. This insuring agreement does not cover as an insured the owner of the substitute automobile or any employee of such owner.
Plaintiff asserts that since the policy does not define “temporary substitute vehicle,” the provision is ambiguous and should be interpreted so as to grant coverage.
An insurance policy is a contract between the parties. It should be construed by using the general rules for the interpretation of contracts as set out in the Civil Code. The role of the judiciary in interpreting [ ¡^insurance contracts is to ascertain the common intent of the parties to the contract. A court is to determine the common intent of the parties in accord with the general, ordinary, plain and popular meaning of the words used in the policy. Louisiana Insurance Guaranty Association, v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759.
Caldwell v. Farwell Contracting, 02-0406, p. 3 (La.App. 5 Cir. 10/16/02); 831 So.2d 332, 333-34.
The uncontroverted affidavit of Donald Guillotte, owner of the vehicle described in the policy and named insured under the policy, shows that:
On October 1,1997 my 1981 Freightliner truck described in Farm Bureau policy no. A466610 and my 1979 International truck described in Farm Bureau policy no. A443411 were fully operational, being used in connection with my farming operations, were not disabled and had not been withdrawn from use.
Therefore, we find that the trial court was correct in finding that no question of material fact remains but that the truck involved in the accident was not a temporary substitute vehicle for the purpose of coverage under the Farm Bureau automobile policy.
DUTY TO DEFEND
 The Plaintiff further asserts that the trial court erred in faffing to recognize that, in settling with Plaintiff, Guillotte assigned his right to be defended by Farm Bureau to the Plaintiff. The insured need not prove that the outcome of the suit will necessarily impose liability for plaintiffs claims. Rather, the duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213; Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App.2d Cir.3/31/99), 731 So.2d 482. In this case, the record is clear that Farm Bureau provided defense [ Rto Guillotte, thereby discharging its duty. As a result, no claim regarding Farm Bureau’s duty to defend could have been assigned to the Plaintiff.
CONCLUSION
Therefore, we find no error in the trial court’s conclusion that no issue of material fact remains but that the Farm Bureau comprehensive personal liability and automobile policies at issue herein do not afford coverage for the accident made the basis of this suit.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff.
AFFIRMED.