# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1116

JAMES SAM

VERSUS

DIRECT GENERAL INSURANCE COMPANY
OF LOUISIANA,  ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 65310
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**********

### MARC T. AMY
### JUDGE

**********

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**REVERSED IN PART AND RENDERED.**

Alfred F. Boustany, II
Post Office Box 4626
Lafayette, LA   70502
(337) 261-0225
COUNSEL FOR PLAINTIFF/APPELLANT:
    James Sam

K. Wade Trahan
Ottinger Hebert, LLC
Post Office Drawer 52606
Lafayette, LA   70505-2606
(337) 232-2606
COUNSEL FOR DEFENDANT/APPELLEE:
    Acadian Ambulance Services, Inc.

**Bret T. Walsh**
**Adair, Schuerman & White**
**10225 Florida Boulevard, Suite 802**
**Baton Rouge, LA   70815**
**(225) 272-7474**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Direct General Insurance Co. of Louisiana**
> **Melvin Julien**

**Eric T. Haik**
**Haik, Minvielle & Grubbs**
**Post Office Box 11040**
**New Iberia, LA   70562-1040**
**(337) 365-5486**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Louisiana State University, Health Science Center,**
> **Health Care Services**
> **Our Lady of Lourdes Regional Medical Center**

AMY, Judge.

The plaintiff sustained injury after being struck by an automobile. The limits of the vehicle owner's insurance policy were deposited into the registry of the court and a concursus proceeding was invoked. The plaintiff's attorney and three of the plaintiff's medical providers claimed privileges on the funds. After recognizing the primacy of the attorney's privilege, the trial court determined that the medical providers failed to perfect their privilege. However, the trial court ordered that the remainder of the funds be distributed to the medical providers. The plaintiff appeals. For the following reasons, we reverse in part and render.

**Factual and Procedural Background**

The plaintiff, James Sam, filed suit alleging injuries after a July 4, 2001 incident in which he was struck by a vehicle driven by Melvin Julien. The vehicle was insured by an automobile liability policy issued by Direct General Insurance Company (Direct General).

On August 27, 2003, Direct General filed a "Petition for Concursus and For Declaratory Judgment" and obtained an order permitting the deposit of the $10,000.00 limit into the registry of the court. The plaintiff and a number of his medical providers were named as defendants in the concursus proceeding. Thereafter, the plaintiff's attorney and three of the plaintiff's medical providers, Our Lady of Lourdes Regional Medical Center (Our Lady of Lourdes), University Medical Center (UMC), and Acadian Ambulance Service (Acadian Ambulance), answered the petition for concursus and asserted their respective privileges. The record reflects that, after payment of court costs, $8,973.74 remained in the registry of the court for allocation.[1]

---

[1] The record indicates that the medical providers incurred the following expenses: Acadian Ambulance - $889.00; Our Lady of Lourdes - $27,821.47; UMC - $423.80. The plaintiff's attorney incurred $218.67 in expenses and held a contingency agreement whereby Mr. Sam agreed to the payment of one-third of the amount recovered.

Following a hearing, the trial court recognized the attorney's privilege as the first ranking privilege[2] and awarded $3,209.92 in this respect. This portion of the award is not appealed, and we affirm it herein. The trial court then turned its examination to the documentation submitted by Our Lady of Lourdes, UMC, and Acadian Ambulance and concluded that each failed to perfect its respective privilege as required by La.R.S. 9:4753. The trial court went on, however, to distribute the $5,763.82 remaining after deduction of the attorney's award, to the three medical providers "in the interest of judicial efficiency[.]" The judgment reflects the distribution as follows: "Acadian Ambulance Services, Inc. is entitled to three (3%) percent, or $172.91; Louisiana State University, Health Sciences Center, Health Care Services Division (UMC) is entitled to one (1%) percent, or $57.64; and Our Lady of Lourdes Regional Medical Center is entitled to the remaining funds, or $5,533.27." The plaintiff appeals.

## Discussion

In his sole assignment of error, the plaintiff asserts that the trial court erred in ordering that the medical providers be paid funds deposited in the registry of the court after finding they failed to properly perfect their privileges.

The medical provider privilege is created by La.R.S. 9:4752, which provides:

**§ 4752.    Privilege on net proceeds collected from third party in favor of medical providers for services and supplies furnished injured persons**

A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a

---

[2] *See* La.R.S. 9:5001which provides, in part:

A.    A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.

privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net payable by any insurance company under any contract providing for indemnity or compensation to the injured person. The privilege of an attorney shall have precedence over the privilege created under this Section.

The trial court was first required to determine whether the medical providers perfected their privilege in accordance with the requirements of La.R.S. 9:4753. At the time of the accident and the creation of the purported privileges, La.R.S. 9:4753 required that the notice of privilege contain:

### § 4753.  Written notice

The privilege created herein shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person, the name and location of the interested health care provider, hospital, or ambulance service, and the name of the person alleged to be liable to the injured person on account of the injuries received, is mailed by the interested health care provider, hospital, or ambulance service, or the attorney or agent for the interested health care provider, hospital, or ambulance service, certified mail, return receipt requested, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions hereof, and shall not be defeated nor rendered ineffective as against any person that has been given such notice, because of failure to give such notice to all those persons named herein.

Lien statutes are *stricti juris* and must be strictly construed. *Davison v. Winford Co., Inc.*, 02-342 (La.App. 3 Cir. 10/2/02), 827 So.2d 1255.

The record reveals that the trial court correctly observed that two of the medical providers failed to perfect their privilege under the requirements of La.R.S. 9:4753. First, documentation submitted by Our Lady of Lourdes indicates that its initial notice

3

of privilege failed to list the party alleged to be liable as is required by the applicable version of La.R.S. 9:4753. There is no indication that its "supplement" to the notice, which included the name of the liable party, was delivered by certified mail as is required. Neither does the statute indicate that the mailing requirement was inapplicable due to the supplemental nature of the second letter. Acadian Ambulance's notice also failed to list the name of the allegedly liable party as is required.

Finally, UMC's September 2002 notice bears no indication that it was delivered by certified mail. However, a second notice, dated August 29, 2003, satisfies the requirements of La.R.S. 9:4753 as it reveals the name/address of the injured party, the name/location of the hospital, the name of the allegedly liable party, was mailed by certified mail with return receipt requested, and was mailed to the injured person (through his attorney), to the allegedly liable person (again through his attorney), and to the insurance provider. Given the dates listed on the notice and on the return receipts, it appears that it was mailed prior to the September 3, 2003 order whereby the Clerk of Court was ordered to receive and deposit the insurance policy proceeds into the registry of the court. Accordingly, the trial court erred in finding that UMC failed to demonstrate that it perfected its privilege.

In addition to the error involving the privilege of UMC, the trial court further erred in finding that although Our Lady of Lourdes and Acadian Ambulance failed to perfect their privileges, it could order that the remainder of the funds be distributed to them in pro rata fashion. As the plaintiff is the injured party, he was entitled to the remaining funds prior to those medical providers who failed to perfect a privilege. Therefore, we reverse that portion of the trial court's judgment distributing the $5,763.82 remaining in the registry of the court in pro rata fashion to the medical

4

providers and recast the judgment to reflect the privilege of UMC and the dispersal of the remaining funds to the plaintiff.

## DECREE

The trial court's judgment is affirmed insofar as it ordered the disbursement of $3,209.92 to the plaintiff's attorney, Alfred F. Boustany, II. The judgment is reversed insofar as it distributed $5,763.82 remaining in the registry of the court to the plaintiff's medical providers. This latter portion of the judgment is recast as follows:

> IT IS FURTHER ORDERED that of the remaining $5,763.82 held in the Registry of the Court, $423.80 be disbursed to the Louisiana State University, Health Science Center, Health Care Services Division, all of which are entities of the University Medical Center of Louisiana at Lafayette, and that all remaining funds be disbursed to plaintiff, James Sam.

Costs of this proceeding are assessed equally to the appellees, Our Lady of Lourdes Regional Medical Center and Acadian Ambulance Service, Inc.

**REVERSED IN PART AND RENDERED.**