# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-869


KELLI P. METCALF, ETC.

VERSUS

CHRISTUS HEALTH SOUTHWESTERN LOUISIANA D/B/A ST. PATRICK HOSPITAL


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-7004
HONORABLETODD SAMUELS CLEMONS, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

Cooks, J., concurs and assigns written reasons.

Steven Broussard
Broussard & Hart, LLC
1301 Common Street
Sulphur, LA 70601
(337) 439-2450
Counsel for Plaintiffs-Appellants:
Kelli P. Metcalf
Judy L. Metcalf

Robert S. Kleinschmidt, Jr.
P. O. Box 1154
Lake Charles, LA 70602
(337) 437-3440
Counsel for Defendant-Appellee:
Christus Health SouthwesternLouisiana d/b/a St. Patrick Hospital

**PICKETT, Judge.**

The appellants, Kelli Metcalf and Judy Metcalf, as tutrix of Karen, Kasey and Kayla Metcalf, appeal the judgment of the trial court that Christus Health Southwestern Louisiana d/b/a St. Patrick Hospital (St. Patrick Hospital) perfected a valid healthcare provider lien on the proceeds of an insurance settlement.

## STATEMENT OF THE CASE

Chad Metcalf was injured in a car accident on March 26, 2006. He was taken to St. Patrick Hospital, where he died from his injuries. His estranged wife, Kelli Metcalf, and his mother, Judy Metcalf, as tutrix of Chad and Kelli's three children, settled a claim with GEICO, the insurer of the car in which Chad was riding at the time of the accident. St. Patrick Hospital attempted to file a lien against the proceeds of the insurance settlement to recover $25,703.53 in expenses incurred in its treatment of Chad. At issue in this case is the validity of that lien.

The Metcalfs argue that the lien was deficient in two respects. First, they argue that the statute requires the location of the health care provider to be included. Second, they argue that the statute requires the lien to be sent by certified mail, return receipt requested. The attorney for the Metcalfs, Steven Broussard, acknowledged receiving a faxed copy of the lien from Credit Services of Louisiana, the agent for St. Patrick Hospital. Nevertheless, the Metcalfs claim that they never waived the requirement that the lien be sent by certified mail, return receipt requested. The Metcalfs also made other claims in an attempt to defeat the lien in their petitions, all of which have been dismissed.

The trial court heard the matter on May 27, 2008. It found that the lien was valid. Despite the fact that the location of St. Patrick Hospital was not listed on the

1

lien, the trial court took judicial notice of the fact that it is located in Lake Charles. The trial court found that the requirement that the lien be sent by certified mail, return receipt requested, was waived when Mr. Broussard's office accepted the faxed copy of the lien. The trial court signed a judgment dismissing the claims regarding the validity of the lien on June 5, 2008.

The Metcalfs filed a Motion for a New Trial, which the trial court purported to deny by writing denied across the face of the order setting a hearing on the motion. The Metcalfs appealed. On appeal, this court dismissed the appeal in an unpublished opinion, finding the denial of the Motion for a New Trial insufficient and remanding for a hearing on the motion. *Metcalf v. Christus Health Southwestern Louisiana*, 08-1269 (La.App. 3 Cir. 12/10/08), 997 So.2d 905. On remand, the Metcalfs reurged the Motion for a New Trial, which was denied by the trial court in open court on April 13, 2009. The Metcalfs now appeal.

## ASSIGNMENT OF ERROR

The Metcalfs assert one assignment of error:

The trial court erred in finding that the subject lien was valid after acknowledging that the lien notice did not contain the required "location of the interested health care provider" and it was not sent by certified mail, return receipt requested, all as required by Louisiana Revised Statute 9:4753.

## DISCUSSION

Louisiana Revised Statute 9:4752 states, in pertinent part:

A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under

2

any contract providing for indemnity or compensation to the injured person.

In this case, St. Patrick Hospital attempted to secure a lien against the proceeds of the Metcalfs' settlement with GEICO, the insurer of the driver of the car in which Chad Metcalf was a passenger when he was injured. Lousiana Revised Statute 9:4753[1], at the time St. Patrick Hospital attempted to perfect this lien, sets forth the written notice required to effect the lien:

> The privilege created herein shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person and the name and location of the interested health care provider, hospital, or ambulance service is mailed by the interested health care provider, hospital, or ambulance services, or the attorney or agent for the interested health care provider, hospital, or ambulance service, certified mail, return receipt requested, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions hereof and shall not be defeated nor rendered ineffective as against any person that has been given the required notice because of failure to give such notice to all those persons named herein.

"Lien statutes are *stricti juris* and must be strictly construed." *Sam v. Direct General Ins. Co. of La.*, 06-1116, p. 3 (La.App. 3 Cir. 2/7/07), 951 So.2d 482, 485 (*citing Davison v. Winford Co., Inc.*, 02-342 (La.App. 3 Cir. 10/2/02), 827 So.2d 1255).

The record is clear in the case before that the lien sent by St. Patrick Hospital to the attorney for the Metcalfs was not sent by certified mail and did not include the

---

[1]The statute was amended by 2008 La.Acts No. 611, § 1. The amendment added "facsimile transmission with proof of receipt of transmission" as an acceptable form of notice.

location of the healthcare provider. The trial court erred in finding that the lien was valid as against the Metcalfs.

St. Patrick Hospital argues that the doctrine of equitable estoppel should preclude the Metcalfs from challenging the validity of the lien. We reject this argument. We also find that whether everyone knew where St. Patrick Hospital is located is irrelevant, in that the statute requires that the location of the health care provider be included on the notice purporting to create the lien.

**Motion for Peremptory Exception of No Right of Action**

At the oral argument of this matter, St. Patrick Hospital filed a peremptory exception of no right of action alleging that the Estate of Chad Metcalf, and not the plaintiffs in this matter, is the proper party to bring this suit. A peremptory exception of no right of action may be filed at any stage of the proceedings, even on appeal. La.Civ.Code art. 927; *Teachers' Ret. Sys. of La. v. La. State Emp. Ret. Sys.*, 456 So.2d 594 (La.1984). "[T]he purpose of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation." *Garber v. Badon & Ranier*, 07-1497, p. 5 (La.App. 3 Cir. 4/2/08), 981 So.2d 92, 97, *writ denied*, 08-1154 (La. 9/19/08), 992 So.2d 943.

In this case, the lien is effective against the proceeds of the insurance settlement, which were payable to the plaintiffs herein, Kelli and Judy Metcalf. Therefore, the Metcalfs have a right of action to set aside the lien insofar as they have an interest in the proceeds of the settlement upon which St. Patrick's Hospital

4

attempted to perfect the lien.  Therefore, the exception of no right of action is overruled.

## CONCLUSION

The exception of no right of action filed in this court is overruled.  The judgment of the trial court is reversed, and the lien filed by St. Patrick Hospital against the proceeds of the settlement paid by GEICO to Kelli and Judy Metcalf is declared invalid.  The case is remanded for further proceedings consistent with this opinion.  Costs of this appeal are assessed against the defendant, St. Patrick Hospital.

**REVERSED AND REMANDED.**

5

KELLI P. METCALF, ETC.

VERSUS

CHRISTUS HEALTH SOUTHWESTERN LOUISIANA
D/B/A ST. PATRICK HOSPITAL

**COOKS, J. CONCURS IN THE RESULT**

I agree with the majority's reasoning that the lien is defective in that it was not sent by certified mail and did not provide the location of the healthcare provider seeking to perfect the lien, as required by the provisions of La. R.S. 9:4753.

I believe, however, there is an additional, compelling reason why this lien is invalid as to the surviving spouse and surviving minor children of the decedent. The evidence shows the lien was directed to "The Estate of or Representative Chad W. Metcalf." A letter authored by Mr. Broussard as attorney for the minor children, and indicating he represents the estate of Chad Metcalf, informed Christus that these three children listed on the check were seeking to recover damages for the **wrongful death** of their father from GEICO as insurer of the alleged negligent driver. He further states that the funds issued by GEICO made payable to the children and Kelli Metcalf are "not a matter of inheritance" from Chad's estate." Mr. Broussard's legal secretary, Rachel Koonce, also testified that Broussard & Hart made "a claim for the Metcalfs for the death of the children's father" and that this is what the settlement check from GEICO represents in payment. Christus has made no attempt at any stage of these proceedings to contend that the funds it seeks to lien are an asset of Chad's estate. In fact, it directs the notice of lien to "The Estate of Chad W. Metcalf" and

1

argued in the trial court and in this court that the children have no cause of action against Christus to attack the lien because Christus' claim is against Chad's estate. It is precisely for this reason that I believe the law does not entitle Christus to place a lien on the check issued by GEICO made payable to "Kelli Metcalf and Herbert E. Metcalf And Judy L. Metcalf As Custodial Guardians Karen Metcalf, Kasey Metcalf, & Kayal Metcalf..."

La. Civ. Code art. 2315.2 provides

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

In *Walls v. American Optical Corporation*, 98-0455 (La.9/8/99), 740 So.2d 1262, the Louisiana State Supreme Court stated

In Louisiana, the wrongful death action is authorized by La.C.C. art. 2315.2. The provision clearly and unambiguously expresses that the wrongful death action compensates the beneficiaries for their own injuries suffered as a result of the victim's death. Therefore, the plaintiffs' injury in a wrongful death action occurs when the victim dies.

Christus, having been informed by Mr. Broussard that these funds belonged to the children of the deceased as settlement for their wrongful death claim, and having seen that the check was made payable to these children through their lawful guardians and tutrix, acted in bad faith by attempting to lien proceeds which they had no reason nor basis to believe they had any right to claim. I would remand the case to the trial court for purposes of determining an amount of attorney fees and damages which would fairly compensate these children for the lien improperly placed upon their patrimony.

2