STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-28

SAMANTHA DAUZART

VERSUS

FINANCIAL INDEMNITY INSURANCE
COMPANY AND LYNN BYERS

**********
APPEAL FROM THE
PINEVILLE CITY COURT, WARDS 9, 10, AND 11,
PARISH OF RAPIDES, NO. 5-704
HONORABLE RICHARD STARLING, CITY COURT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

**David R. Sobel, Attorney at Law**
**Jeremy C. Cedars, Attorney at Law**
**P.O. Drawer 1791**
**Alexandria, LA  71309-1791**
**Counsel for Appellant:**
     **CHRISTUS St. Frances Cabrini Hospital**

**Thomas O. Wells, Attorney at Law**
**P.O. Box 13438**
**Alexandria, LA 71315**
**Counsel for Plaintiff-Appellee:**
     **Samantha Dauzart**

**PAINTER, Judge.**

Plaintiff, Samantha Dauzart (Dauzart), sustained injuries in an automobile accident with Lynn Byers (Byers), who was insured by Financial Insurance Indemnity Company (Financial). The limits of the Financial policy were deposited into the registry of the court thus invoking a concursus proceeding. Dauzart's attorney and CHRISTUS St. Frances Cabrini Hospital (St. Frances) filed motions to withdraw funds subject to their alleged liens on the funds. The trial court recognized the primacy of the attorney's privilege but granted exceptions of prescription and no cause of action filed by Dauzart with respect to St. Frances' claim to the funds. For the following reasons, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Dauzart was injured in an automobile accident on August 8, 2005. In connection with the accident, she sought treatment from St. Frances. She incurred charges in the amount of $8,095.25 for said treatment.

Dauzart filed suit against Byers and Financial seeking to recover damages for injuries sustained in the automobile accident. Byers and Financial filed separate motions to deposit funds into the registry of the court. These motions specifically recognized that "any and all liens of health care providers, including, but not limited to Dr. Gerald Leglue, Christus S. Frances Cabrini Hospital, . . . will be obligated to present their claims before this Court to determine the extent and existence of any liens and a division of the funds between the parties, plaintiff's counsel, and various lienholders." The order allowing the deposit of $12,809.73 into the registry of the court was signed March 16, 2009. The order allowing the deposit of $700.00, plus future payments of $250.00 per month (until the full amount of the settlement was paid), into the registry of the court by Byers was signed by the trial court on August 18, 2009.

The first action taken by St. Frances was on April 20, 2009, when it filed a motion to withdraw funds. Additionally, on June 19, 2009, St. Frances sent certified letters to Dauzart, through her counsel of record, and to Financial and Byers, through

1

their counsel of record, asserting its lien pursuant to La.R.S. 9:475, et seq. A certified letter asserting its lien was sent directly to Byers on June 25, 2009. In response, Dauzart filed exceptions of prescription and no cause of action. The trial court recognized the attorney lien rights of Dauzart's attorney in the amount of forty percent of the amount deposited by Financial, plus expenses in the amount of $5,519.92, and on all amounts paid by Byers in accordance with the settlement agreement and promissory note executed by Byers in favor of Dauzart. Accordingly, the clerk of court was ordered to issue payment to Dauzart's attorney in the amount of $10,643.81 out of the funds on deposit by Financial. The trial court further granted the exception of prescription filed by Dauzart and dismissed the claim of St. Frances to the funds on deposit by Financial and on the funds paid and/or payable by Byers. The claims of Acadian Ambulance were dismissed at its own request, and the claims of Central LA Imaging Center and LSU-HSC d/b/a Huey P. Long Medical Center were dismissed with prejudice due to their failure to appeal. In the judgment signed by the trial court, the exception of no cause of action was dismissed as moot. However, the transcript of the proceedings reflects that the trial court granted both the exception of prescription and the exception of no cause of action. St. Frances filed this appeal asserting that: (1) the trial court erred in granting the exception of prescription; (2) the trial court erred in granting the exception of no cause of action; and (3) the trial court erred by failing to award $8,095.25 to St. Frances under its statutory lien.

## DISCUSSION

The privilege asserted by St. Frances is provided for by La.R.S. 9:4751, which states:

> A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured

2

person. The privilege of an attorney shall have precedence over the privilege created under this Section.

St. Frances first argues that the trial court erred in granting the exception of prescription because the statutory lien set forth in La.R.S. 9:4751 does not have a prescriptive period. Dauzart, on the other hand, argues that St. Frances' claim is prescribed because no action was filed by St. Frances within the three year prescriptive period provided for a suit on an open account. Dauzart asserts that since the underlying obligation has prescribed, no lien can attach.

Louisiana Civil Code of Procedure Article 931 provides that evidence may be introduced in support of the peremptory exception when the grounds do not appear on the face of the pleadings, and when evidence is introduced at the hearing in support of the exception of prescription, the trial court's findings are factual in nature and are subject to the manifest error--clearly wrong standard of review. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-0401 (La. 10/17/06), 939 So.2d 1227. In this case, however, no evidence was introduced in connection with the exception of prescription. Thus, the doctrine of manifest error does not apply to our review of the trial court's legal conclusion. Our review of questions of law is simply to determine whether or not the trial court was legally correct in its conclusion. *Cangelosi v. Allstate Ins. Co.*, 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, *writ denied*, 96-2586 (La. 12/13/96), 692 So.2d 375. "[T]he standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes 'against prescription and in favor of the claim that is said to be extinguished.'" *Sec. Ctr. Prot. Servs., Inc. v. All-Pro Sec., Inc.*, 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting *La. Health Serv. v. Tarver*, 635 So.2d 1090, 1098 (La.1994)). The party urging the exception of prescription bears the burden of proving facts sufficient to support the exception. *Cichirillo v. Avondale Indus., Inc.*, 04-2894, 04-2918 (La. 11/29/05), 917 So.2d 424.

With regard to the granting of the exception of no cause of action, in articulating the standard of review which governs our consideration of this, the supreme court explained: "the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Fink v. Bryant*, 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349.

Louisiana Civil Code Article 3277 provides that: "Privileges become extinct: 1. By the extinction of the thing subject to the privilege. 2. By the creditor acquiring the thing subject to it. 3. By the extinction of debt which gave birth to it. 4. By prescription." The debt "giving birth" to the privilege at issue herein is clearly a debt on open account. The prescriptive period for a suit on open account is three years. La.Civ.Code art. 3494.

While St. Frances correctly argues there is no requirement that the healthcare provider intervene into an action to either assert its privilege or to receive its payment and that La.R.S. 9:4751 does not contain a prescriptive period, this court has long recognized that "a lien or privilege is only an accessory right to the claim or debt, providing security and payment by preference, it has a life coextensive with that of the debt it is intended to secure, the result being that when the debt or claim is extinguished by prescription the privilege becomes extinct also." *Toomer v. City of Lake Charles*, 392 So.2d 794 (La.App. 3 Cir. 1980), *writ denied*, 396 So.2d 931 (La.1981). Therefore, we find no legal error in the trial court's granting of the exception of prescription and find that St. Frances' right to collect the amount of the bill from Dauzart, Financial, and Byers has prescribed such that no lien on the funds paid by Financial and Byers pursuant to the settlement with Dauzart can attach.

St. Frances further argues that the privilege is effective because it provided the requisite notice prior to the payment of the settlement. St. Frances argues that the provisions of La.Civ.Code art. 3277 and La.R.S. 9:4751, et seq. cannot co-exist because the legislature could not have intended that a healthcare provider have only three years to perfect its lien, yet have La.R.S. 9:4751, et seq. allow the privilege to

be effective if the proper notice is sent "prior to the conclusion of the litigation." We do not agree. First, the La.R.S. 9:4753 provides, in pertinent part:

> A. The privilege created by R.S. 9:4752 shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person and the name and location of the interested health care provider, hospital, or ambulance service is delivered by certified mail, return receipt requested, or by facsimile transmission with proof of receipt of transmission by the interested health care provider, hospital, or ambulance services, or the attorney or agent for the interested health care provider, hospital, or ambulance service, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions of this Section and shall not be defeated nor rendered ineffective as against any person that has been given the required notice because of failure to give the notice to all those persons named in this Subsection.

The statute does not require notice prior to the conclusion of the litigation. It requires notice" prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise." In this case, in order for the notice of the lien to be timely, notice had to be given before the funds were received into the registry of the court, as this was the "payment of insurance proceeds." *See Sam v. Direct General Ins. Co. Of Louisiana*, 06-1116 (La.App. 3 Cir. 2/7/07), 951 So.2d 482. The order directing the clerk of court to receive the insurance proceeds was signed March 16, 2009. The notice of lien was not sent until June 19, 2009. Thus, we find no error the trial court's granting the exception of no cause of action in favor of Dauzart.

Having found no error in the trial court's granting of the exceptions, we need not consider St. Frances' argument that the trial court erred in not awarding it $8,095.25 under its alleged statutory lien.

**DECREE**

For all of the foregoing reasons, we affirm the trial court's judgment. Costs of this appeal are assessed to St. Frances.

**AFFIRMED.**

5